IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CLEMMIE HINES AND GLORIA HINES,
Individually and On Behalf of Their
Deceased Daughter, Mona Hines, et. al.                                          PLAINTIFFS

V.                                                             CIVIL ACTION NO. 1:10CV283-B-D

COOPER TIRE & RUBBER COMPANY                                              DEFENDANT

## ORDER TRANSFERRING CASE

This cause comes before the court upon the defendant's motion to change venue and transfer this case to the United States District Court for the Middle District of Louisiana. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

The plaintiffs bring this products liability action alleging that the tread of a defective tire manufactured by the defendant, Cooper Tire & Rubber Company, separated and caused a deadly automobile accident on November 28, 2009, on Interstate 10 in Ascension Parish, Louisiana. The plaintiffs' vehicle collided with another vehicle, entered the median, and rolled several times. As the vehicle rolled, thirteen passengers were completely ejected. The accident resulted in the deaths of five children and one adult.

Title 28 U.S.C. § 1404 provides for a change of venue in civil actions. The section states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To determine whether venue is proper in a particular district, the court looks to 28 U.S.C. § 1391(a), which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship
> may, except as otherwise provided by law, be brought in (1) a judicial district

> where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The Fifth Circuit has provided further guidance in determining whether a transfer of venue is proper. According to the court, a determination of "the convenience of parties and witnesses" mentioned in Section 1404(a) "turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). "The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* The public concerns to be considered are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

In the present case, venue is proper in the Middle District of Louisiana pursuant to Section 1391(a)(2) because it is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." In determining whether to transfer this case, the court has examined the factors set forth by the Fifth Circuit and finds that all of the private factors point to the Middle District of Louisiana. All persons involved in the accident were Louisiana residents. The subject vehicle, a 2000 GMC Safari minivan, owned by Gloria Hines and operated by Mona Hines, was licensed and registered in Louisiana. The accident was

investigated by the Louisiana State Police. Nine of the passengers involved in the accident were transported to two Louisiana hospitals – Our Lady of the Lake Hospital and Baton Rouge General Hospital – both located in Ascension Parish. The Ascension Parish coroner examined decedents at the scene, and the bodies were taken to St. Elizabeth's Hospital Morgue in Ascension Parish. The subject vehicle was towed by a local towing company. The defendant has named 118 individuals, all of whom appear to be resident citizens of Louisiana and all of whom, the defendant alleges, have relevant information about the accident based on their presence at the scene or their involvement afterwards. The locus of operative facts is clearly Ascension Parish, Louisiana. In fact, the sole connection between this case and the Northern District of Mississippi is the fact that the tire at issue was manufactured at the defendant's plant in Tupelo. The relative ease of access to witnesses, physical evidence, and relevant documents – indeed all aspects of convenience of the parties and witnesses in this case – weigh heavily in favor of transfer.

The public factors also point to Louisiana. Under Mississippi's choice of law jurisprudence, the laws of the state that "has the most significant relationship to the occurrence and the parties" should apply. *Church v. Massey*, 697 So. 2d 407, 410 (Miss. 1997). Factors to be taken into account include "the place where the injury occurred, the place where the conduct causing the injury occurred, the domicile, residence, nationality, place of incorporation and place of business of the parties, [and] the place where the relationship, if any, between the parties is centered." *Id.* In the case sub judice, it is clear that the laws of Louisiana should apply; thus, the third and fourth public factors – the familiarity of the forum with the law that will govern the

case and the avoidance of unnecessary conflict of laws problems in the application of foreign law – weigh in favor of transfer.

The other public factors favor transfer as well. Louisiana clearly has the predominant interest in this case. As mentioned above, the only connection between this action and the Northern District of Mississippi is the location of the plant where the subject tire was manufactured. This tenuous nexus to the State of Mississippi does not warrant this court's retention of the case, and it should be transferred.

For the foregoing reasons, the court finds that the defendant's motion to change venue is well taken and should be granted.

It is, therefore, **ORDERED AND ADJUDGED** that the defendant's motion to change venue is **GRANTED**, and this case is hereby **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

This, the 18th day of April, 2011.

                                              */s/ Neal Biggers*
                                              **NEAL B. BIGGERS, JR.**
                                              **UNITED STATES DISTRICT JUDGE**