UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CLEMMIE HINES, *et al*

VERSUS                                                                  CIVIL ACTION NO. 11-254-JJB

COOPER TIRE & RUBBER COMPANY

### RULING ON MOTION TO DETERMINE APPLICABLE LAW

Before the Court is a motion by the Defendant, Cooper Tire & Rubber Company ("Cooper"), to determine the applicable law for this case (Doc. 50). The Plaintiffs, Clemmie Hines, et al, filed a response (Doc. 52). The Defendant filed a reply (Doc. 53) and memorandum to supplement its motion (Doc. 54).

This case is a products liability action alleging that the tread of a defective tire manufactured by Cooper separated and caused a deadly automobile accident on November 28, 2009, on Interstate 10, in Ascension Parish, Louisiana. The Plaintiffs are Louisiana residents and Cooper is an Ohio corporation. Cooper maintains a manufacturing facility in Tupelo, Mississippi, which is where Cooper constructed the tire in question. Plaintiff Clemmie Hines purchased the tire in Louisiana. Plaintiffs claim Cooper's manufacturing facility employs approximately 1,200 people. Cooper claims to have designed the tire in question at its headquarters in Ohio. Approximately 118 Louisiana residents were either witnesses or otherwise involved in the accident in question.

The Plaintiffs originally brought this case in the United States District Court for the Northern District of Mississippi. The Northern District granted Cooper's Motion to Transfer Venue to the Middle District of Louisiana pursuant to 28 U.S.C. § 1404(a). It found this district proper under 28 U.S.C. § 1391(a)(2) as the "judicial district in which a substantial part of the

1

events or omissions giving rise to the claim occurred," and based upon factors set forth by the Fifth Circuit. The factors considered were both private and public. The private factors focused on the relation to Louisiana of the parties, the events, and the individuals and organizations relevant to the case. The public factors were Mississippi's choice-of-law jurisprudence and Mississippi's interest in the case compared with that of Louisiana. The Northern District's evaluation of Mississippi's choice-of-law jurisprudence found that the laws of Louisiana should apply to this case.

Cooper argues the Northern District's finding that Louisiana law should apply invokes the law of the case doctrine. The law of the case doctrine, "[a]s most commonly defined . . . posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). The Northern District's ruling decided a Motion to Transfer Venue. It did not decide the law applicable to this case, so the law of the case doctrine does not apply.

The parties agree that Mississippi law and Louisiana law are in conflict, requiring a choice of law analysis to be performed. Mississippi law allows for punitive damages, while the Louisiana Products Liability Act does not. Miss. Code § 11-1-65; La. R.S. 9:2800.51, *et seq*. In deciding which state's law applies, the transferee court of a case transferred pursuant to 28 U.S.C. § 1404(a) must apply the choice-of-law rules of the transferor court. *Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990). "A transfer under § 1404(a) . . . does not change the law applicable to a diversity case." *Id.* Since the transferor court is in Mississippi, Mississippi choice-of-law jurisprudence is applicable. Mississippi follows the "most significant relationship test" provided by the Restatement (Second) of Conflicts of Law. *McDaniel v. Ritter*, 556 So. 2d

303, 310 (Miss. 1989). Plaintiffs argue Mississippi has the most significant relationship with this case,[1] while Cooper argues that Louisiana has the most significant relationship.

The Restatement (Second) § 145 provides:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

   (a) the place where the injury occurred,

   (b) the place where the conduct causing the injury occurred,

   (c) the domicile, residence, nationality, place of incorporation and place of business of the parties,

   (d) the place where the relationship, if any, between the parties is centered.

"[T]he principles of Section 6 and 145 of the Restatement (Second) defy mechanical application-they are less "rules of law" than generally stated guideposts. Choice of law, rather than looking at minimum contacts, looks to "where the contacts are maximized." *Church v. Massey*, 697 So. 2d 407, 410 (Miss. 1997).

*McDaniel v. Ritter*, which adopted the most significant relationship test as Mississippi's choice-of-law standard, also evaluated the principles based on the facts in that case. 556 So. 2d

---

[1] As part of their argument, Plaintiffs assert that Miss. Code § 75-1-105 (1972) indicates that Mississippi has expressed a strong interest in applying its law to products manufactured in Mississippi. Plaintiffs cite the previous version of this provision, which is now Miss. Code § 75-1-301. Regardless, the Court does not agree with Plaintiffs on its interpretation and finds that the Mississippi Code provision is not relevant to the determination in this ruling.

at 301–11. *McDaniel* determined the applicable law for a wrongful death action arising from a fatal plane crash. *Id.* at 304. The crash occurred in Missouri, and the court accordingly found that the tort occurred in Missouri. *Id.* at 310–11. The Plaintiffs resided in Mississippi and the decedent on whose behalf they were suing had been employed by a Mississippi corporation. *Id.* at 304, 311. The decedent was flying due to business. *Id.* at 304. The aircraft was registered in Tennessee, owned by a Tennessee resident, hangared at a Tennessee airport, the contract to lease the aircraft was negotiated and entered into in Tennessee, the lessors were Tennessee corporations, the lessee was a Tennessee corporation, the flight originated from a Tennessee airport, and the pilot was a Tennessee resident. *Id.* at 311. *McDaniel* held that Tennessee bore the most significant relationship to occurrence and the parties, emphasizing that the pilot/passenger relationship was established in Tennessee and the trip began and ended in Tennessee. *Id.*

*Church v. Massey* applied the most significant relationship test principles to a negligence suit filed by a motorcyclist involved in a wreck with another vehicle. 697 So. 2d at 410. It found the relevant significant contacts to be the plaintiff's and defendant's residencies, the location of the wreck, and the location of the witnesses. *Id.* The plaintiff's residence, the wreck, and the witnesses were all located in Mississippi, while the Defendant resided in Alabama. *Id.* The court found that the most significant contacts were "clearly" located in Mississippi. *Id.*

Applying the most significant relationship test as guided by *McDaniel* and *Church*, we find that Louisiana Products Liability law applies. The accident occurred in Louisiana. Plaintiffs argue, however, that the tort occurred in Mississippi, since the tire was constructed at Cooper's facility there. But in following with *McDaniel*, the Court finds that the tort occurred at the location of the accident, in Louisiana. 556 So. 2d at 301–11. Similarly to *Church*, the

4

residence of the Plaintiffs, the location of the accident, and the state in which a large number of potential witnesses reside are the same, Louisiana. 697 So. 2d at 410. Louisiana is the state in which the tire was purchased, and this, along with it being the location of the accident and the tort, makes Louisiana the state in which the relationship between the parties is centered. Cooper is an Ohio corporation and claims to have designed the tire in question in Ohio. Mississippi is the location of a Cooper manufacturing facility, the location where the tire was constructed, and the state in which an uncertain number of Cooper employees that are potential witnesses reside. The majority of these contacts are with Louisiana, are centered in Louisiana, and involve actions in Louisiana and people that reside in Louisiana. Louisiana is therefore the place where contacts are maximized. Louisiana has the most significant relationship with this legal action, and Louisiana law applies to this case.

Accordingly, Defendant's Motion to Determine Applicable Law (Doc. 50) is **GRANTED** and the law of the State of Louisiana will be applied to Plaintiff's products liability claims. Signed in Baton Rouge, Louisiana, on October 17, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE**