UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLEMMIE HINES, ET AL.

VERSUS

COOPER TIRE & RUBBER COMPANY

CIVIL ACTION

NUMBER 11-254-JJB-SCR

## RULING ON MOTION TO COMPEL DEPOSITIONS

Before the court is Defendant Cooper Tire's Motion to Compel Depositions of Plaintiffs Edward Barnes, Nakitia Dorsey, and Laviticus Floyd. Record document number 66. The motion is opposed.[1]

Defendant filed this motion to compel the three above-named plaintiffs to appear for their depositions. After the motion was filed, plaintiff Nakitia Dorsey appeared for her deposition on January 29, 2013.[2] Thus, this ruling will address the failure of plaintiffs Barnes and Floyd to appear for their depositions.

Defendant summarized its numerous efforts to amicably schedule these depositions since February 2012. Plaintiffs asserted that Floyd was notified of his deposition date but he did not appear. Plaintiffs' counsel explained that Floyd was informed that his

---

[1] Record document number 78. Defendant filed a reply memorandum. Record document number 79

[2] Defendant also requested certain discovery responses be produced by Dorsey seven days prior to her deposition. This request was not addressed in the defendant's reply brief which was filed after her deposition had been taken. Thus, the Court will assume that this issue is now moot.

claim could be dismissed if he did not attend, and that Floyd failed respond to any contact from counsel since that time. Plaintiffs also asserted that all attempts to contact Barnes were unsuccessful and that he is likely unaware that his claim could be dismissed if he does not attend his deposition. Plaintiffs requested additional time to contact these two plaintiffs and provide them with proper notice of the consequences of their failure to appear for their depositions.

   Clearly, the plaintiffs' counsel's inability to communicate with his clients is not his fault. Counsel made reasonable attempts to obtain a response from both plaintiffs. Plaintiffs are Floyd and Barnes, just like the other plaintiffs, are ultimately responsible for providing current and accurate contact information and timely responding to their correspondence and other communications from their counsel. These plaintiffs cannot circumvent their obligations by refusing or avoiding contact with counsel.

   Because the plaintiffs failed to provide any reasonable excuse for their failure to appear, the defendant is entitled to an order compelling plaintiffs Floyd and Barnes to appear for their depositions. Plaintiffs Floyd and Barnes will be required to appear for their depositions on a reasonable date designated by the defendant, within 45 days of this ruling. No objections will be

allowed.[3]

Under Rule 37(d)(3), Fed.R.Civ.P., the court may sanction a party who failed to attend its own deposition, or the attorney advising that party, or both, any of the orders listed in Rule 37(b)(2)(A)(i-vii).  Failure to comply with this ruling may result in additional sanctions under Rule 37(b)(2)(A)(i-vii), including, but not limited to, dismissal of some or all of their claims.

Pursuant to Rule 37(d)(3), the court also must order payment the movant's reasonable expenses, including attorney's fees, caused by the failure, unless the party's failure was substantially justified or other circumstances make an award of expenses unjust.  Defendant's motion shows that a good faith attempt was made to take the plaintiffs' depositions without court action.  Plaintiffs failed to offer any reasonable explanation for their failure to appear at their depositions.  Nothing in the record indicates that the plaintiffs' failure was substantially justified or any circumstances that would make an award of expenses unjust.  Therefore, the defendant is entitled to reasonable expenses under Rule 37(d)(3).

Defendant did not claim a specific amount for the time expended in filing this motion and in its attempt to scheduling the

---

[3] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.  *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990.)

depositions. However, a review of the motion and memorandum supports the conclusion that an award of $1,000.00 is reasonable. The award is itemized as follows: $600.00 in costs for the defendant's multiple efforts to depose these three plaintiffs, plus $400.00 for the costs incurred in filing this motion.

Accordingly, Defendant Cooper Tire's Motion to Compel Depositions of Plaintiffs Edward Barnes, Nakitia Dorsey, and Laviticus Floyd is granted in part, and denied in part as moot. Plaintiffs Edward Barnes and Laviticus Floyd shall appear for their depositions without objections, within 45 days. Pursuant to Rule 37(d)(3), these plaintiffs are also ordered to pay to the defendant, within 14 days, its reasonable expenses in the amount of $1,000.00. The remainder of the defendant's motion is denied as moot.

Baton Rouge, Louisiana, September 30, 2013.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE